**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-1074-DWD** |
| | ) | |
| **LATOYA HUGHES, Director, Illinois Department of Corrections,,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On August 14, 2026, this case was initiated and the entire action was filed under seal. (Doc. 1). On October 8, 2026, the Court entered a case management order directing the Government to submit briefing addressing the basis for filing the case under seal and whether the case should remain sealed in its entirety, be unsealed, or whether narrower protection is appropriate. (Doc. 19). The Government filed its response on October 13, 2026. (Doc. 20).

In its response, the Government states that it did not intend for the entire case to be filed under seal. Rather, it intended the case to receive restricted-access treatment, under which pleadings are not available via remote electronic public access and may be accessed by the public only at the courthouse on public terminals. The Government believed that filing the case under case code “465” would automatically trigger this restricted-access status. Instead, for unknown reasons, the case was sealed in its entirety.

The Court notes the distinction between a full seal and the case-level restrictions available under Federal Rule of Civil Procedure 5.2. Pursuant to Rule 5.2(c), certain categories of cases, including immigration matters, are subject to special restrictions "due to the prevalence of sensitive information and the volume of filings." Fed. R. Civ. P. 5.2 advisory committee's notes. Under these restrictions, pleadings are not available for remote public electronic access and may be reviewed by the public only at the courthouse; the restrictions do not apply to the docket itself or to court opinions. The Court's CM/ECF system applies these limitations automatically at the case level, resulting in the restricted remote-access notation that appears beside pleadings in such matters. By contrast, when a document is sealed by Court order, it is accessible only to the parties in the case. A sealed document cannot be accessed by non-parties either remotely or at the courthouse public terminals.

The Government proposes that, rather than maintaining a seal over the entire case or treating the matter as restricted under Rule 5.2(c), the case be publicly docketed with full online access, subject to two exceptions. Specifically, pursuant to Fed. R. Civ. P. 5.2(e) and (f), the Government requests that Doc. 2-2 ("Exhibit 1 Attachment 1 – Subpoenas") and Doc. 15-2 ("Exhibit A to Tackett Declaration") remain under seal, and that redacted copies of those documents be filed on the public docket. The Court agrees that this approach appropriately balances the presumption of public access with the need to protect limited sensitive information and finds good cause for redacting the limited information identified in the Government's motion.

Accordingly, the Court **DIRECTS** the Clerk to unseal the case in its entirety, **WITH THE EXCEPTION** that **Doc. 2-2 ("Exhibit 1 Attachment 1 – Subpoenas")** and **Doc. 15-2 ("Exhibit A to Tackett Declaration") shall remain under seal**.

The Government is **DIRECTED** to submit proposed redacted copies of Doc. 2-2 and Doc. 15-2 to the Court's proposed orders email address.

In light of the unsealing of the case (subject to the two documents that will remain under seal), the Court notes that the hearing set for October 14, 2026 will be open to the public.

**SO ORDERED.**

Dated: October 13, 2026

DAVID W. DUGAN
United States District Judge